**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0230-22

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JIM HENDRIX,
a/k/a JIM M. HENDRIX,

 Defendant-Appellant.

_____

  Submitted November 13, 2023 – Decided November 27, 2023

  Before Judges Sabatino and Mawla.

  On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 15-02-0264 and 16-03-0475.

  Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

  Matthew J. Platkin, Attorney General, attorney for respondent (Boris Moczula, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jim Hendrix appeals the trial court's order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

The pertinent background is as follows. After a series of incidents, defendant was charged in two successive indictments in February 2015 and March 2016 with numerous crimes, including, among others, murder, felony murder, armed robbery, aggravated sexual assault, kidnapping, endangering the welfare of a child, child abuse, and witness tampering. A third indictment, not at issue in this appeal, charged him with making terroristic threats to a corrections officer.

Defendant's trial counsel was partially successful at a Wade[1] hearing in suppressing the identification made by one of the State's eyewitnesses, although the court denied suppression as to two other witnesses.

Thereafter, the defense attorney negotiated a plea agreement in which defendant pled guilty in October 2016 to amended charges of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), on the first indictment, and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), on the second indictment. All other charges were dismissed. As part of the agreement, the third indictment charging terroristic threats was dismissed in its entirety.

---

[1] United States v. Wade, 388 U.S. 218 (1967).

A-0230-22

The plea agreement capped defendant's exposure on the manslaughter offense to a custodial term of twenty years, subject to an 85% parole disqualifier under the No Early Release Act, N.J.S.A. 2C:43-7.2 ("NERA"), with a concurrent sentence not to exceed seven years on the aggravated assault offense, also subject to NERA.

Consistent with the plea agreement, the trial court sentenced defendant on January 13, 2017, imposing a twenty-year term on the manslaughter offense with a concurrent seven-year term on the aggravated assault offense. An 85% parole disqualifier was applied to each term under the NERA. Defendant appealed his sentence without briefing, pursuant to the Sentence Oral Argument ("SOA") program set forth in Rule 2:9-11. On September 25, 2018, the SOA panel issued an order denying his appeal.

In his PCR petition, defendant claimed his trial counsel and appellate counsel were ineffective in various respects. The PCR court rejected his contentions without an evidentiary hearing, issuing a written decision on July 6, 2022.

In his brief on appeal, defendant argues:

POINT I

DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR

3

COUNSEL'S FAILURE TO ARGUE MITIGATING FACTOR 14 AT SENTENCING, FOR NOT HAVING CHALLENGED THE FACTS OF THE CASE ESTABLISHING A CONVICTION FOR AGGRAVATED MANSLAUGHTER, AND FOR NOT IMPEACHING WITNESSES USED TO IDENTIFY HIM AS THE SHOOTER.

(A) APPLICABLE LAW.

(B) TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE MITIGATING FACTOR 14 DURING SENTENCING WHICH GIVES CONSIDERATION TO THE FACT DEFENDANT WAS UNDER THE AGE OF 26 WHEN HE COMMITED THE CRIME.

(C) COUNSEL WAS INEFFECTIVE FOR HAVING FAILED TO CHALLENGE THE FACTUAL BASIS OFFERED FOR A PLEA OF AGGRAVATED MANSLAUGHTER.

(D) COUNSEL WAS INEFFECTIVE FOR HAVING FAILED TO CALL WITNESSES AT THE WADE HEARING TO IMPEACH THEIR CRED[I]BILITY OF THEIR IDENTIFICATION OF THE DEFENDANT AS THE SHOOTER.

POINT II

APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT HAVING SCHEDULED DEFENDANT'S APPEAL ON THE PLENARY CALENDAR.

4

Having duly considered these arguments in light of the record and the applicable law, we affirm.  We do so for substantially the same sound reasons expressed in the sixteen-page written decision of PCR Judge Nesle A. Rodriguez.  We add only some brief comments.

It is well established that a defendant appealing the alleged constitutionally ineffective assistance of counsel must demonstrate: (1) deficient performance by counsel, and (2) actual prejudice flowing from that performance.  Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 52 (1987).  As the PCR judge correctly found, defendant fails to establish these two requirements.  Each of his claims of ineffectiveness lack merit.  We address them in chronological order.

First, defendant claims that his trial counsel should have called additional witnesses at the Wade hearing on identification.  In particular, he contends his attorney should have required the testimony of two witnesses who originally had been unable to identify him as the shooter in the robbery but who later identified him from a photo array.  The PCR judge concluded that defense counsel's decision to not call those witnesses and instead focus on the identifications that were the actual subject of the Wade hearing was a reasonable strategic choice.  State v. Arthur, 184 N.J. 307, 320 (2005) (noting the highly deferential review

afforded to a trial attorney's strategic decision on which witnesses to call to the stand). As it turned out, trial counsel was able to persuade the court at the <u>Wade</u> hearing to suppress one of the identifications, thereby weakening the State's case. Defendant fails to show actual prejudice resulting from counsel's assistance at the <u>Wade</u> hearing.

Second, defendant contends his trial attorney was ineffective by negotiating a plea to aggravated manslaughter rather than reckless manslaughter and in not arguing a theory of mere reckless conduct. We concur with the PCR judge that this argument is unavailing. The record shows that defendant purposely fired a gun at and killed the victim during the course of a robbery. The factual basis defendant provided at the plea hearing reflects an extreme indifference to human life, which meets the definition of aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); <u>see also</u> <u>State v. Wilder</u>, 193 N.J. 398, 409 (2008) (noting that a defendant is guilty of aggravated manslaughter if the defendant "causes death with 'an awareness and conscious disregard of the probability of death'") (quoting <u>State v. Jenkins</u>, 178 N.J. 347, 363 (2004)). Defendant agreed under oath at the plea proceeding that he had exhibited such extreme indifference. The record amply supports the court's conclusion that this

was not a merely reckless shooting, but rather one reflecting the severity of aggravated manslaughter.

Third, defendant argues in vain that his trial counsel should have argued at sentencing that his relative youth should have been weighed as a mitigating factor, since defendant was under the age of twenty-six at the time of his criminal offenses. This argument fails as a matter of law, because the Legislature did not enact mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14) (defendant under the age of twenty-six at the time of the offense's commission) until October 19, 2020, more than three years after defendant's January 13, 2017 sentencing. The Supreme Court has made clear that new mitigating factor fourteen does not apply retroactively to sentences that were imposed before the date of its adoption in 2020. State v. Lane, 251 N.J. 84, 87-88 (2022).

Finally, we concur with the PCR judge's rejection of defendant's argument that his appellate counsel was deficient in not moving for supplemental briefing on his sentencing appeal. The arguments raised by appellate counsel at the SOA proceeding advocating for a lighter sentence, although unsuccessful, were competently presented, and defendant fails to show how briefing of those arguments would have made a difference to the outcome.

A-0230-22

Because defendant failed to present a prime facie case of counsel's ineffectiveness, the PCR court was not obligated to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992).

As a parting observation, we note that trial counsel did a commendable job in the plea negotiations in protecting defendant from a sentence of up to life in prison and a mandatory thirty-year minimum term, had he been convicted at trial for murder. N.J.S.A. 2C:11-3(b)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION